[765 NYS2d 383]

In the Matter of GEOFFREY T. MOTT, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 6, 2003

### APPEARANCES OF COUNSEL ·

*Robert P. Guido,* Syosset (*Elizabeth A. Grabowski* of counsel), for petitioner.

*Geoffrey T. Mott,* Hempstead, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct, and a supplemental petition containing an additional three charges. In his answer, the respondent admitted in part, and denied in part, the factual allegations contained in the petition and the supplemental petition. At the hearing, the petitioner's case consisted of 10 exhibits and the testimony of two witnesses. The respondent testified on his own behalf, called two witnesses, and proffered eight exhibits, which were admitted into evidence. At the conclusion of the hearing, the Special Referee sustained all of the charges except Charge Two. The petitioner now moves to confirm the report of the Special Referee, and the respondent cross-moves to disaffirm the report insofar as it sustained Charges One and Three of the petition and Charges One, Two, and Three of the supplemental petition.

Charge One alleged that the respondent improperly converted funds entrusted to him by clients Ira Javaherian and Rubina Javaherian, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) and DR 9-102 (*see* 22 NYCRR 1200.3 [a] [7]; 1200.46):

In 1998 Ira and Rubina Javaherian retained the respondent to represent them in connection with the purchase of a house. On May 13, 1998, they gave the respondent a check in the amount of $20,000 payable to Gilbert Roseman, the seller's attorney, and endorsed on the back "Gilbert Roseman." On May 18, 1998, the respondent deposited the check into his attorney escrow account at the Bank of New York. On May 19, 1998, bank records demonstrate that he withdrew $4,800 from his

escrow account, and he made multiple withdrawals from his escrow account during May, June, July, and August 1998, which caused the balance to fall below the $20,000 entrusted to him. Moreover, Ira Javaherian denied giving the respondent the authority to utilize the $20,000.

Supplemental Charge One alleged that the respondent failed to preserve and wrongfully converted to his own use and benefit funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (*see* 22 NYCRR 1200.46):

In 1998 the respondent represented Arlene Sussman, who was selling real property in East Meadow, New York, to Elizabeth Galarza. In June 1998 the respondent was entrusted, as a fiduciary, with a $16,000 down payment, which was to be held in escrow until the closing of title or proper disbursement pursuant to the contract of sale. The contract of sale required that the respondent hold the down payment in an interest-bearing account for the benefit of the parties. In June 1998 the respondent deposited the $16,000 down payment into his escrow account at the Bank of New York, which did not generate interest for the benefit of the parties. Between June 5 and July 15, 1998, before his fiduciary obligation had been discharged, the respondent converted and misappropriated the down payment to his own use and benefit, without the knowledge and consent of the parties to the contract. On July 15, 1998, at the closing of title, the respondent was obligated to release the down payment to his client, the seller. The respondent drew from his escrow account check number 1067 in the amount of $16,000 to the seller without sufficient funds on deposit in that account. The down payment was not released and paid to the seller until October 29, 2001.

Supplemental Charge Three alleged that, based on the foregoing factual allegations, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced at the hearing, including the respondent's admissions, Charge One was properly sustained by the Special Referee. Charge Three should not have been sustained. Supplemental Charges One and Three were properly sustained, and Supplemental Charge Two should not have been sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that the incidents underlying the charges against him are examples of

his addiction to borrowing and that the clients loaned money to him in exchange for his providing them with legal services without charge. The respondent also asks the Court to consider that he voluntarily sought treatment for his compulsive borrowing, as well as his depression and post-traumatic stress disorder. The respondent acknowledges his illness and attends daily meeting of Debtors Anonymous. Moreover, he contends that he has not practiced law since 1999.

The respondent's disciplinary history consists of a letter of caution that was issued in 1996 for using threats, harassing tactics, and abusive behavior toward, among others, a colleague and a party.

Under the totality of the circumstances, the respondent is guilty of serious professional misconduct that warrants his disbarment.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion is granted to the extent that Charge One of the petition and Charges One and Three of the supplemental petition are sustained, and is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charge Three of the petition and Charge Two of the supplemental petition are not sustained, and is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Geoffrey T. Mott, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Geoffrey T. Mott is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.